1 | **ELIZABETH M. BARROS**
California State Bar No. 227629
2 | **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3 | San Diego, California  92101-5030
Telephone:  (619) 234-8467
4 |

5 | Attorneys for Mr. Gilbert

6 |

7 |

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | **(HONORABLE JEFFREY T. MILLER)**

11 | UNITED STATES OF AMERICA,                )    CASE NO. 08CR1631-JM
                                          )
12 |                Plaintiff,              )    DATE: June 27, 2008
                                          )    TIME: 11:00 a.m.
13 | v.                                       )
                                          )    NOTICE OF MOTIONS AND MOTIONS TO:
14 | MIGUEL GARCIA-BANUELOS,                  )
                                          )    (1)  COMPEL   DISCOVERY/   PRESERVE
15 |                Defendant.               )         EVIDENCE; AND
                                          )    (2)  GRANT  LEAVE  TO  FILE  FURTHER
16 |                                          )         MOTIONS
                                          )
17 | _____ )

18 | TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
            CARLOS ARGUELLO, ASSISTANT UNITED STATES ATTORNEY:
19 |

20 |        PLEASE TAKE NOTICE that on Friday, June 27, 2008, at 11:00 a.m., or as soon thereafter as

21 | counsel may be heard, defendant, Miguel Garcia-Banuelos, by and through his attorneys, Elizabeth M. Barros

22 | and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

23 | //

24 | //

25 | //

26 | //

27 | //

28 | //

# MOTIONS

Defendant, Miguel Garcia-Banuelos, by and through his attorneys, Elizabeth M. Barros and Federal Defenders of San Diego, Inc., asks this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order to:

(1)     Compel Discovery/ Preserve Evidence; and

(2)     Grant Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,

Dated:  June 13, 2008

    /s/ Elizabeth M. Barros
**ELIZABETH M. BARROS**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Garcia

1  **ELIZABETH M. BARROS**
   California State Bar No. 227629
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California  92101-5030
   Telephone:  (619) 234-8467
4

5  Attorneys for Mr. Garcia

6

7

8                        UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10                       **(HONORABLE JEFFREY T. MILLER)**

11  UNITED STATES OF AMERICA,              )    CASE NO.  08CR1631-JM
                                           )
12                Plaintiff,               )
                                           )    DATE: June 27, 2008
13  v.                                     )    TIME: 11:00 a.m.
                                           )
14  MIGUEL GARCIA-BANUELOS (3),            )    MEMORANDUM  OF  POINTS  AND
                                           )    AUTHORITIES  IN  SUPPORT  OF
15                Defendant.               )    DEFENDANT'S MOTIONS
                                           )
16  _____ )    _____

17                                    **I.**

18                         **STATEMENT OF FACTS**[1]

19        On May 10, 2008, Miguel Garcia-Banuelos (hereinafter "Mr. Garcia") was arrested after border

20  patrol officers found him and several other undocumented aliens in the hills in the San Diego area.

21        On or about May 21, 2008, an indictment was filed against Mr. Garcia and two other individuals with

22  three counts of violating 8 U.S.C. § 1324(a)(2)(B)(ii) and aiding and abetting in violation of 18 U.S.C. § 2,

23  and three counts of violating 8 U.S.C. § 1324(a)(2)(B)(iii) and aiding and abetting.

24        To date, Mr. Garcia has received 190 pages of discovery and one CD-rom.

25  //

26  _____

27        [1] This statement of facts is taken from the criminal complaint, indictment and discovery
    provided by the government.  Mr. Garcia does not adopt these facts and reserves the right to
28  challenge these facts at any future proceeding.

                                                                    08CR1631-JM

## II.

**THIS COURT SHOULD ORDER PRESERVATION OF EVIDENCE AND PRODUCTION OF DISCOVERY.**

Mr. Garcia moves for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. See generally Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1) The Defendant's Statements. The Government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A) and 16(a)(1)(B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements. **Mr. Garcia requests a written translation/ transcript of his statements.**

(2) Arrest Reports, Notes and Dispatch Tapes. The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A); 16(a)(1)(B) and Brady v. Maryland, 373 U.S. 83 (1963). See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(E) and Fed. R. Crim. P. 26.2. Preservation of rough notes is requested, whether or not the government deems them discoverable.

(3) <u>Brady Material</u>.  Mr. Garcia requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.  Impeachment as well as exculpatory evidence falls within <u>Brady's</u> definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

(4) <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>.  As discussed above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines.  Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.

(5) <u>The Defendant's Prior Record</u>.  Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(D).  Counsel specifically requests a complete copy of any criminal record.

(6) <u>Any Proposed 404(b) Evidence</u>.  Evidence of prior similar acts is discoverable under Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Mr. Garcia requests that notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(7) <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

(8) <u>Request for Preservation of Evidence</u>.  The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.  This request includes, but is not limited to, all individuals discovered in the vehicle, the results of any fingerprint analysis, the defendant's personal effects, the vehicle, and any other evidence seized from the defendant or any third party.  It is requested that the government be ordered to <u>question</u> all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist to inform those parties to preserve any such evidence.

1    (9) <u>Tangible Objects</u>. The defense requests, under Fed. R. Crim. P. 16(a)(1)(E) the opportunity to

2  inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs,

3  books, papers, documents, photographs of buildings or places or copies of portions thereof which are material

4  to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the

5  defendant. **Mr. Garcia requests a color copy of the photographic lineups shown to the witnesses.**

6    (10) <u>Evidence of Bias or Motive to Lie</u>. The defense requests any evidence that any prospective

7  government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or

8  her testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir.

9  1988). **Mr. Garcia understands that material witnesses Bernardo Parra-Rubio and Juan Carlos**

10  **Araujo-Parra were both arrested by ICE agents within a few weeks of their apprehension on May 10,**

11  **2008. Thus, in addition to all other evidence of bias or motive to lie, Mr. Garcia specifically requests**

12  **all reports associated with that incident.**

13    (11) <u>Impeachment evidence</u>. Mr. Garcia requests any evidence that any prospective government

14  witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has

15  made a statement favorable to the defendant. <u>See</u> Fed. R. Evid. 608, 609 and 613. Such evidence is

16  discoverable under <u>Brady v. Maryland</u>, <u>supra</u>. <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988)

17  (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a

18  witness' credibility). **Mr. Garcia specifically requests, in addition to all other impeachment evidence,**

19  **reports relating to the apprehension by ICE of Bernardo Parra-Rubio and Juan Carlos Araujo-Parra.**

20  **Mr. Garcia also requests the criminal records relating to the witnesses who were deported in this case,**

21  **as well as information regarding their prior apprehensions by immigration officials.**

22    (12) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defense requests any

23  evidence that any prospective witness is under investigation by federal, state or local authorities for any

24  criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

25    (13) <u>Evidence Affecting Perception, Recollection, Ability to Communicate</u>. Mr. Garcia requests

26  any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective

27  witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a

28  //

1  witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.  United States

2  v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

3  　　　　(14)  Witness Addresses.  The defense requests the names and last known address of each prospective

4  government witness.  See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker,

5  716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United

6  States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979)) (defense has equal right to talk to witnesses).  The

7  defendant also requests the names and last known address of every witness to the crime or crimes charged (or

8  any of the overt acts committed in furtherance thereof) who will not be called as a government witness.

9  United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

10  　　　　(15)  Names of Witnesses Favorable to the Defendant.  Mr. Garcia requests the names of any witness

11  who made any arguably favorable statement concerning the defendant or who could not identify him or who

12  was unsure of his identity, or participation in the crime charged.  Jackson v. Wainwright, 390 F.2d 288 (5th

13  Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168

14  (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied,

15  444 U.S. 1086 (1980).

16  　　　　(16)  Statements Relevant to the Defense.  Mr. Garcia requests disclosure of any statement that may

17  be "relevant to any possible defense or contention" that he might assert.  United States v. Bailleaux, 685 F.2d

18  1105 (9th Cir. 1982).

19  　　　　(17)  Jencks Act Material.  The defense requests all material to which Mr. Garcia is entitled pursuant

20  to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes.  Advance

21  production will avoid needless delays at pretrial hearings and at trial.  This request includes any "rough" notes

22  taken by the agents in this case; these notes must be produced pursuant to 18 U.S.C. § 3500(e)(1).  Campbell

23  v. United States, 373 U.S. 487, 490-92 (1963).  This request also includes production of transcripts of the

24  testimony of any witness before the grand jury.  See 18 U.S.C. § 3500(e)(3).

25  　　　　(18)  Giglio Information.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant

26  requests all statements and/or promises, expressed or implied, made to any government witnesses, in exchange

27  for their testimony in this case, and all other information which could arguably be used for the impeachment

28  of any government witnesses.

(19)  <u>Reports of Scientific Tests or Examinations</u>.  Pursuant to Fed. R. Crim. P. 16(a)(1)(F), the defendant requests the reports of all tests and examinations conducted upon the evidence in this case.  Including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(20)  <u>Henthorn Material</u>.  The defense requests that the prosecutor review the personnel files of the officers involved in his arrest, and those who will testify, and produce to him any exculpatory information at least three weeks prior to trial and one week prior to the motion hearing.  <u>See</u> <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).  In addition, he requests that if the government is uncertain whether certain information is to be turned over pursuant to this request, that it produce such information to the Court in advance of the trial and the motion hearing for an <u>in</u> <u>camera</u> inspection.

(21)  <u>Informants and Cooperating Witnesses</u>.  Mr. Garcia requests disclosure of the addresses of all informants or cooperating witnesses used or to be used in this case.  The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense.  <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957).  Mr. Garcia also requests disclosure of any information indicating bias on the part of any informant or cooperating witness.  <u>Giglio v. United States</u>, 405 U.S. 150 (1972).  Such information would include inducements, favors, payments, or threats made to the witness to secure cooperation with the authorities.

(22)  <u>Expert Witnesses</u>.  The defendant requests disclosure of any expert witnesses the government intends to call at trial and "a written summary of testimony that the government intends to use," including the "witnesses' opinions, the bases and the reasons for those opinions" and his or her qualifications.  Fed. R. Crim. P. 16(a)(1)(G).

(23)  <u>Residual Request</u>.  The defense intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.  This request specifically includes all subsections of Rule 16.  Mr. Garcia requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial.

### III.

### <u>MOTION FOR LEAVE TO FILE FURTHER MOTIONS</u>

Mr. Garcia requests leave to file further motions as necessary upon review of discovery.

### IV.

### <u>CONCLUSION</u>

For the foregoing reasons, Mr. Garcia respectfully requests that the Court grant the above motions.

Respectfully submitted,

   /s/ Elizabeth M. Barros

Dated: June 13, 2008                      **ELIZABETH M. BARROS**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Garcia

1 | **ELIZABETH M. BARROS**
California State Bar No. 227629
2 | **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3 | San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
4 | E-Mail: elizabeth_barros@fd.org

5 | Attorneys for Miguel Garcia-Banuelos

6

7

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | **(HONORABLE JEFFREY T. MILLER)**

11 | UNITED STATES OF AMERICA,          )    Case No. 08CR1631-JM-03
                                       )
12 |            Plaintiff,             )
                                       )
13 | v.                                )    **CERTIFICATE OF SERVICE**
                                       )
14 | MIGUEL GARCIA-BANUELOS,            )
                                       )
15 |            Defendant.             )
    _____ )
16

17 | Counsel for Defendant certifies that a copy of the foregoing document has been served this day upon:

18 | Carlos Arguello
Carlos.Arguello2@usdoj.gov,Jacquelyn.Mason2@usdoj.gov,Efile.dkt.gc1@usdoj.gov;
19

20 | Oliver P. Cleary
opcleary@pacbell.net,arleencastro@gmail.com;

21 | Wayne Charles Mayer
wcmayer@aol.com; and
22

23 | Stephen W. Peterson
swplaw@sbcglobal.net

24 | Respectfully submitted,

25

26 | DATED:        June 13, 2008              /s/ Elizabeth M. Barros
                                             **ELIZABETH M. BARROS**
27 |                                          Federal Defenders of San Diego, Inc.
                                             Attorneys for Miguel Garcia-Banuelos
28